Attorney No. 38118

FILED
9/28/2022 4:58 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022L008799
Calendar, C
19686554

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| ALEJANDRA TAPIA, | ) | |
| | ) | |
| Plaintiffs, | ) | 2022L008799 |
| | ) | |
| v. | ) | NO. |
| | ) | JURY TRIAL DEMANDED |
| R&S FREIGHT SYSTEMS, INC. and | ) | |
| VENKATESH S. SHASTRI, | ) | |
| individually and as employee, | ) | |
| agent and/or servant of | ) | |
| R&S Freight Systems, Inc., | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT AT LAW

### Count I – Negligence – R&S Freight Systems

ALEJANDRA TAPIA (hereinafter "Alex"), by counsel, **ALLEN LAW GROUP**, for Count I of her Complaint against R&S FREIGHT SYSTEMS, INC. (hereinafter "R&S FREIGHT") alleges and states as follows:

1. At all times relevant herein, R&S FREIGHT was and is an interstate motor carrier operating through and within Cook County, Illinois.

2. At all times relevant herein, VENKATESH S. SHASTRI (hereinafter, "Shastri"), was a professional truck driver employed by R&S FREIGHT and was operating within Cook County, Illinois.

4. On September 6, 2022, Alex was driving a Dodge Journey northbound on I-94 near South Cottage Grove Ave., in Cook County, Illinois.

5. On September 6, 2022, Shastri was operating a tractor-trailer northbound on I-94, near South Cottage Grove Ave., in Chicago, Illinois.

Exhibit 1

Scanned with

6. On September 6, 2022, Shastri was operating under R&S FREIGHT's motor carrier operating authority and displaying its logo and U.S. DOT number 1826601.

7. On and before September 6, 2022, R&S FREIGHT was subject to the Federal Motor Carrier Safety Regulations (hereinafter, "FMCSRs") and owed Alex, and others on the roadway, a duty to use reasonable care in the inspection, maintenance and repair of the tractor-trailer, and in the hiring, training, retention, and/or supervision of the drivers chosen to operate it.

8. At all times relevant herein, there was in full force and effect in the State of Illinois a statute incorporating by reference, *inter alia*, Parts 390, 391, 392, 393, 395, and 396 of the FMCSRs.

9. On September 6, 2022, R&S FREIGHT breached the foregoing duties and was negligent in one or more of the following respects, *inter alia*:

(A) R&S FREIGHT did not systematically inspect, repair and maintain said tractor-trailer subject to its control in violation of Part 396 of the FMCSRs;

(B) R&S FREIGHT did not cause the tractor-trailer subject to its control to be systematically inspected, repaired and maintained in violation of Part 396 of the FMCSRs;

(C) R&S FREIGHT did not obtain Shastri's complete application for employment in violation of Part 391 of the FMCSRs;

(D) R&S FREIGHT did not require Shastri to comply with the duties and prohibitions of driver regulations in violation of Part 390 of the FMCSRs;

(E) R&S FREIGHT encouraged Shastri to violate the FMCSRs in violation of Part 390 of the FMCSRs;

(F) R&S FREIGHT did not maintain records and documents as required under Part 390 of the FMCSRs;

(G) R&S FREIGHT improperly maintained records and documents in violation

of Part 390 of the FMCSRs;

(H) R&S FREIGHT did not maintain a complete driver's qualification file for Shastri in violation of Part 391of the FMCSRs;

(I) R&S FREIGHT improperly maintained a driver's qualification file for Shastri in violation of Part 391 of the FMCSRs;

(J) R&S FREIGHT required Shastri to operate its tractor-trailer, while said driver's ability or alertness was so impaired as to make it unsafe for him to continue to operate it in violation of Part 392 of the FMCSRs;

(K) R&S FREIGHT did not adequately train Shastri when reasonable training would have equipped Shastri with the knowledge and skill to operate and maintain the tractor-trailer in a reasonably prudent manner in violation of Part 391 of the FMCSRs;

(L) R&S FREIGHT did not train Shastri on defensive driving techniques, including proper space management;

(M) R&S FREIGHT did not conduct or require pre-trip inspections of its vehicle as required by Part 396 of the FMCSRs;

(N) R&S FREIGHT did not inspect or require Shastri to inspect the brakes and slack adjusters on its tractor-trailer as required by Part 396 of the FMCSRs;

(O) R&S FREIGHT did not maintain the brakes on its tractor-trailer as required by Part 393 of the FMCSRs;

(P) R&S FREIGHT operated without adequate safety management controls;

(Q) R&S FREIGHT aided and abetted Shastri's violation of the FMCSRs; and/or

(R) R&S FREIGHT failed to use the same care and caution that a reasonably prudent person would have exercised under the same or substantially similar circumstances all in violation of Parts 390, 391, 392, 393, 395, and 396 of the FMCSRs.

10.     As a direct and proximate result of R&S FREIGHT's negligence, Alex's car was violently crashed into from the rear while she was lawfully stopped in traffic on Northbound I-94 near South Cottage Grove Avenue, in Chicago, Illinois.

11.     As a direct and proximate result of the foregoing crash, Alex sustained permanent and severe personal injuries; incurred and will incur ambulance, hospital, diagnostic, therapeutic, pharmaceutical, surgical, and other medical expenses; suffered and will suffer physical pain, mental suffering, terror, fright, humiliation, loss of enjoyment of life; disability; disfigurement; loss of time, impairment of earnings capacity; and sustained other injuries and damages of a personal and pecuniary nature.

WHEREFORE, the Plaintiff, ALEJANDRA TAPIA, respectfully requests a judgment against defendant, R&S FREIGHT SYSTEMS, INC., the costs of this action, prejudgment interest, and for any and all other relief that the Court may deem proper under the circumstances.

### Count II – Alex- *Respondeat Superior* - R&S FREIGHT

ALEJANDRA TAPIA (hereinafter "Alex"), by counsel, ALLEN LAW GROUP, for Count II of her Complaint against R&S FREIGHT SYSTEMS, INC. (hereinafter "R&S FREIGHT") alleges and states as follows:

1.     At all times relevant herein, VENKATESH S. SHASTRI (herein "Shastri") was professional truck driver operating through and within Cook County, Illinois.

2.     On September 6, 2022, Alex was driving a Dodge Journey northbound on I-94 and was stopped in traffic near South Cottage Grove Avenue, in Chicago, Cook County, Illinois.

3.     On September 6, 2022, Shastri was operating a tractor-trailer northbound on I-94 near South Cottage Grove Avenue, in Chicago, Cook County, Illinois.

4.     On and before September 6, 2022, Shastri was subject to the Federal Motor

Carrier Safety Regulations (hereinafter "FMCSR's) and owed Alex and others on the roadway a duty to use reasonable care in the inspection, maintenance, repair, and operation of the tractor-trailer he was operating.

5.     On September 6, 2022, Shastri breached the foregoing duties and was negligent in one or more of the following respects, *inter alia*:

(A)   Shastri drove his tractor-trailer at a speed which was greater than reasonable and proper, in violation of 625 ILCS 5/11-601(A);

(B)   Shastri failed to keep a proper lookout for other vehicles upon the roadway;

(C)   Shastri operated the tractor-trailer while distracted;

(D)   Shastri did not manage the space around his tractor-trailer;

(E)   Shastri did not maintain control over his tractor-trailer so as to avoid colliding with other vehicles;

(F)   Shastri operated his truck at an unreasonable speed given the extant road and traffic conditions;

(G)   Shastri failed to timely apply his brakes;

(H)   Shastri failed to take evasive maneuvers to avoid a collision;

(I)    Shastri failed to properly maintain his tractor-trailer, including the brakes and steering components; and/or

(J)    Shastri failed to exercise the same care and caution that a reasonably prudent person would have exercised under the same or substantially similar circumstances.

6.     As a direct and proximate result of Shastri's negligence, Alex's car was violently struck in the rear while she was she was lawfully stopped in traffic on Northbound I-94 near South Cottage Grove Avenue, in Chicago, Illinois.

7.      As a direct and proximate result of the foregoing collision, Alex sustained permanent and severe personal injuries; incurred and will incur ambulance, hospital, diagnostic, therapeutic, pharmaceutical, surgical, and other medical expenses; suffered and will suffer physical pain, mental suffering, terror, fright, humiliation, loss of enjoyment of life; disability; disfigurement; loss of time, impairment of earnings capacity; and sustained other injuries and damages of a personal and pecuniary nature.

8.      At the time of the foregoing collision on September 6, 2022 and at all relevant times herein, Shastri was subject to R&S FREIGHT's control, acting pursuant to its directions and commands, and utilizing R&S FREIGHT's operating authority and equipment, including the tractor-trailer displaying R&S FREIGHT's logos, for R&S FREIGHT's pecuniary benefit. R&S FREIGHT is therefore vicariously liable for Shastri's negligence.

WHEREFORE, the Plaintiff, ALEJANDRA TAPIA, respectfully requests a judgment against defendant, R&S FREIGHT SYSTEMS, INC., the costs of this action, prejudgment interest, and for any and all other relief that the Court may deem proper under the circumstances.

### Count III – Alex - Negligence - VENKATESH S. SHASTRI

ALEJANDRA TAPIA (hereinafter "Alex"), by counsel, ALLEN LAW GROUP, for Count III of her Complaint against VENKATESH S. SHASTRI (hereinafter "Shastri") alleges and states as follows:

1.      At all times relevant herein, Shastri was a professional truck driver operating through and within Cook County, Illinois.

2.      On September 6, 2022, Alex was driving a Dodge Journey northbound on I-94, near South Cottage Grove Ave, in Chicago, Cook County, Illinois.

3.      On September 6, 2022, Shastri was operating a tractor-trailer northbound

on I-94 near South Cottage Grove Ave, in Chicago, Cook County, Illinois.

4.      On and before September 6, 2022, Shastri was subject to the Federal Motor Carrier Safety Regulations (hereinafter "FMCSR's") and owed Alex, and others on the roadway a duty to use reasonable care in the inspection, maintenance, repair, and operation of the tractor-trailer he was operating.

5.      On September 6, 2022, Shastri breached the foregoing duties and was negligent in one or more of the following respects, *inter alia*:

(A)     Shastri drove his tractor-trailer at a speed which was greater than reasonable and proper, in violation of 625 ILCS 5/11-601(A);

(B)     Shastri failed to keep a proper lookout for other vehicles upon the roadway;

(C)     Shastri continued to operate the tractor-trailer while distracted;

(D)     Shastri did not manage the space around his tractor-trailer;

(E)     Shastri did not maintain control over his tractor-trailer so as to avoid colliding with other vehicles;

(F)     Shastri operated his truck at an unreasonable speed given the extant road and traffic conditions;

(G)     Shastri failed to timely apply his brakes;

(H)     Shastri failed to take evasive maneuvers to avoid a collision;

(I)     Shastri failed to properly maintain his tractor-trailer, including the brakes and steering components; and/or

(J)     Shastri failed to exercise the same care and caution that a reasonably prudent person would have exercised under the same or substantially similar circumstances.

6.      As a direct and proximate result of Shastri's negligence, Alex's car was

Scanned with Ca

violently struck in the rear while she was lawfully stopped in traffic on Northbound I-94, near South Cottage Grove Avenue, in Chicago, Illinois.

7.    As a direct and proximate result of the foregoing collision, Alex sustained permanent and severe personal injuries; incurred and will incur ambulance, hospital, diagnostic, therapeutic, pharmaceutical, surgical, and other medical expenses; suffered and will suffer physical pain, mental suffering, terror, fright, humiliation, loss of enjoyment of life; disability; disfigurement; loss of time, impairment of earnings capacity; and sustained other injuries and damages of a personal and pecuniary nature.

WHEREFORE, the Plaintiff, ALEJANDRA TAPIA, respectfully requests a judgment against defendant, VENKATESH S. SHASTRI, the costs of this action, prejudgment interest, and for any and all other relief that the Court may deem proper under the circumstances.

Respectfully submitted,

**ALLEN LAW GROUP, LLC**
Attorneys for Plaintiff

/s/Bryan L. Bradley

## SCR 222 CERTIFICATION

Under penalties as provided by law pursuant to 735 ILCS 5/1-109, the undersigned certifies on behalf of plaintiff that the total damages sought herein exceed $50,000.

Respectfully submitted,

**ALLEN LAW GROUP, LLC**
Attorneys for Plaintiff

/s/Bryan L. Bradley

## JURY DEMAND

Plaintiff demands trial by jury on all Counts of her Complaint at Law.

Respectfully submitted,

**ALLEN LAW GROUP, LLC**
Attorneys for Plaintiff

/s/Bryan L. Bradley



INJURY ATTORNEYS

www.kenallenlaw.com

*Reply to Office Indicated*

☑ **ALLEN LAW BUILDING:**
1109 Glendale Boulevard
Valparaiso, IN 46383
219.465.6292

☐ **JOILET OFFICE:**
1000 Essington Road
Joliet, IL 60435
815.725.6292

☐ **MERRILLVILLE OFFICE:**
3700 E. Lincoln Highway (U.S. 30)
Merrillville, IN 46410
219.736.6292

☐ **ORLAND PARK OFFICE:**
15255 S. 94th Avenue
Orland Park, IL 60462
708.460.6292

☐ **INDIANAPOLIS OFFICE:**
201 N. Illinois Street (South Tower)
Indianapolis, IN 46204
317.842.6926

☐ **CHICAGO OFFICE:**
77 W. Wacker Drive
Chicago, IL 60601
312.236.6292